IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY L. BLEVINS and RYAN REAL ESTATE & PROPERTY MANAGEMENT, INC.,** | : : : : | CIVIL ACTION NO. 1:07-CV-0633 |
| **Plaintiffs** | : : | **(Judge Conner)** |
| v. | : : | |
| **J. ROBERT KATHERMAN, ESQUIRE, KATHERMAN, HEIM & PERRY, and DOMINION ABSTRACTING,** | : : : : : | |
| **Defendants** | : | |

-----------------------------------------------------------------------

| | | |
|---|---|---|
| **J. ROBERT KATHERMAN, ESQUIRE, KATHERMAN, HEIM & PERRY, and DOMINION ABSTRACTING,** | : : : : : | |
| **Third-Party Plaintiffs,** | : : | |
| v. | : : | |
| **HENRY WILLIAM SEAY, JR.,** | : : | |
| **Third-Party Defendant** | : | |

## ORDER

AND NOW, this 16th day of March, 2009, upon consideration of the motion (Doc. 39) to stay litigation, or alternatively to bifurcate and to stay the damages portion of trial, wherein defendants request a stay of the above-captioned proceeding pending resolution of a separate litigation between plaintiffs and third-

party defendant in Maryland state court (the "Maryland litigation"),[1] and the court recognizing that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," Landis v. N. Am. Co., 299 U.S. 248, 254 (1936), and that proper analysis of the instant motion requires the court to consider "(1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; [and] (4) whether a stay will simplify issues and promote judicial economy," Structural Group, Inc. v. Liberty Mut. Ins. Co., Civ. A. No. 1:07-CV-01793, 2008 WL 4616843, at *5 (M.D. Pa. Oct. 16, 2008); Landis, 299 U.S. at 254-55; CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 135-36 (3d Cir. 2004), and it appearing that the cause of action in the above-captioned matter is distinct from that raised in the Maryland litigation, see Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., 544 F.2d 1207, 1215 (3d Cir. 1976) (affirming propriety of district court's stay when federal court proceeding and

---

[1] Plaintiffs and third-party defendant were allegedly partners in several joint real estate ventures located in Pennsylvania and Maryland. Defendant in the above-captioned matter purportedly represented plaintiffs' interests with respect to three of these joint ventures. (See Doc. 31; Doc. 41 n.5.) The Maryland litigation concerns multiple parcels of property unrelated to defendants' representation. The Maryland litigation is thus potentially more expansive than the instant dispute. Additionally, plaintiffs and third-party defendant's competing claims in the Maryland lawsuit center upon economic harms allegedly resulting from a breach of partnership agreement, whereas in the matter *sub judice*, plaintiffs allege that defendants committed legal malpractice, breached a contract for legal representation, and breached a fiduciary duty.

arbitration presented identical causes of action), that defendant is not a party to the Maryland litigation, and that defendants claim that a stay will "prevent duplicative efforts and serve the interest of judicial economy," (Doc. 40 at 12), but identify no specific hardship that they will suffer should the instant matter proceed on schedule, see CTF Hotel Holdings, 381 F.3d at 139 (reversing district court's imposition of a stay because "[j]udicial efficiency does not, by itself, allow a federal court to refuse to exercise its jurisdiction in favor of proceedings in an alternative forum"); Structural Group, 2008 WL 4616843, at *5 (observing that efficiency alone is an insufficient justification for a stay); see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1265 (11th Cir. 2000) ("[T]he interests of judicial economy alone are insufficient to justify . . . an indefinite stay."), and it further appearing that the request to bifurcate under Rule 42(b) is premature at this juncture, see Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978) ("[T]he decision to bifurcate *vel non* is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance."); Crown Packaging Tech., Inc. v. Rexam Beverage Can Co., 498 F. Supp. 2d 734, 736 (D. Del. 2007), it is hereby ORDERED that defendants' motion (Doc. 39) to stay litigation, or alternatively to bifurcate and to stay the damages portion of trial is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge