# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY L. BLEVINS and RYAN REAL ESTATE & PROPERTY MANAGEMENT, INC.,** | : : : : | CIVIL ACTION NO. 1:07-CV-0633 |
| Plaintiffs | : : : | (Judge Conner) |
| v. | : : | |
| **J. ROBERT KATHERMAN, ESQUIRE, KATHERMAN, HEIM & PERRY, and DOMINION ABSTRACTING,** | : : : : : | |
| Defendants | : | |
| ------------------------------------------------------------------------- | | |
| **J. ROBERT KATHERMAN, ESQUIRE, KATHERMAN, HEIM & PERRY, and DOMINION ABSTRACTING,** | : : : : : | |
| Third-Party Plaintiffs, | : : | |
| v. | : : | |
| **HENRY WILLIAM SEAY, JR.,** | : : | |
| Third-Party Defendant | : | |

## ORDER

AND NOW, this 20th day of January, 2010, upon consideration of the report of the magistrate judge (Doc. 75), to which defendants J. Robert Katherman, Katherman, Heim & Perry, and Dominion Abstracting (collectively, the

"Katherman defendants") have filed objections,[1] (see Doc. 76), and which recommends that the Katherman defendants' motion (Doc. 45) for summary judgment be denied, and that the motion (Doc. 46) for summary judgment filed by third-party defendant Henry William Seay ("Seay") also be denied, and, following an independent review of the record, it appearing that the magistrate judge identified numerous unresolved factual disputes, and that disagreements over genuine issues of material fact are not to be decided on a Rule 56 motion, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (explaining that evidence which presents a sufficient disagreement requires submission to a jury), and it further appearing that plaintiff's evidence presents a plausible claim to relief,[2] and that it is not "material[ly] self-contradictory," as the Katherman

---

[1] When a litigant files objections to a magistrate judge's report, the district court exercises *de novo* review over the findings of the magistrate judge. See 28 U.S.C. § 636(b).

[2] Plaintiff raises a claim of legal malpractice under Pennsylvania law. (See Doc. 31 ¶¶ 46-57.) Specifically, plaintiff argues that the Katherman defendants had a duty to keep him apprised about matters involving property acquisition by the partnership, and to avoid conflicts of interest. (See id. ¶¶ 51-54.) As the magistrate judge correctly explained, J. Robert Katherman's legal duties to the partnership—and to plaintiff—included responsibilities of disclosure and conflict avoidance. (See Doc. 75 at 13-14.) Plaintiff's deposition is replete with testimony that Katherman went astray in his duties, particularly by neglecting to adequately disclose crucial information, which hindered plaintiff's ability to participate as an equal partner in the business endeavor. The evidence cited in plaintiff's Local Rule 56.1 statement, construed in the light most favorable to plaintiff, is sufficient to support his version of events and, thus, creates an issue for the trier of fact.

defendants contend,[3] (see Doc. 76 at 6), and the court noting that Seay has not objected to the magistrate judge's recommendation to deny his motion (Doc. 46) for summary judgment, and that with respect to Seay's motion (Doc. 46), there is no

---

[3] The Katherman defendants' objections suggest that plaintiff's evidence is self-contradictory to the point of utter unreliability. The Katherman defendants claim that plaintiff acknowledges that he knew Katherman was representing the partnership, and that his purpose was to "get the land developed" on behalf of the partnership. (See Doc. 76 at 6.) Even if this is correct, it does not contradict plaintiff's claim that Katherman failed to disclose necessary information and keep him apprised of Seay's dealings. What Katherman identifies are not self-contradictions so much as nuance in the scope of the representation agreement, as well as the duties imposed thereby. Furthermore, to the extent plaintiff does contradict himself somewhat, the court must accept as true the testimony that is most helpful to plaintiff. See Rossi v. Standard Roofing, Inc., 156 F.3d 452, 476 n.14 (3d Cir. 1998) (stating that when a court is confronted with self-contradictory deposition testimony, and "[t]his contradictory testimony leads to two possible conclusions," on summary judgment the court "must accept the [conclusion] most favorable to [the nonmovant]"); see also Sentry Paint Techs., Inc. v. Topth, Civ. A. No. 08-1064, 2008 WL 4787579, at *9 (E.D. Pa. Oct. 31, 2008) (same). The fact that the Katherman defendants and Seay disagree with plaintiff's characterization of the relationship is simply all the more reason to deny the Katherman defendants' motion for summary judgment and resolve the factual disputes at trial.

clear error on the face of the record,[4] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report and recommendation (Doc. 75) of the magistrate judge is ADOPTED.

2. The motion (Doc. 45) for summary judgment, filed by defendants J. Robert Katherman, Katherman, Heim & Perry, and Dominion Abstracting, is DENIED. See FED. R. CIV. P. 56(c).

---

[4] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit Court of Appeals expects district courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee's note; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that when parties do not object to a report and recommendation, the court's review is conducted under the "plain error" standard, pursuant to which "the error must have been 'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings"); Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (holding that the district court is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review an unobjected-to report for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

3. The motion (Doc. 46) for summary judgment filed by third-party defendant Henry William Seay is DENIED. See FED. R. CIV. P. 56(c).

4. A revised pretrial and trial schedule shall issue by future order of court.

                    S/ Christopher C. Conner
                    CHRISTOPHER C. CONNER
                    United States District Judge