# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HENRY L. BLEVINS and RYAN REAL ESTATE & PROPERTY MANAGEMENT, INC.,** : <br> : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **J. ROBERT KATHERMAN, ESQUIRE, KATHERMAN, HEIM & PERRY, and DOMINION ABSTRACTING,** : <br> : <br> **Defendants** : | **CIVIL ACTION NO. 1:07-CV-0633** <br><br> **(Judge Conner)** |
| ------------------------------------------------------------------------ | |
| **J. ROBERT KATHERMAN, ESQUIRE, KATHERMAN, HEIM & PERRY, and DOMINION ABSTRACTING,** : <br> : <br> **Third-Party Plaintiffs,** : <br> : <br> v. : <br> : <br> **HENRY WILLIAM SEAY, JR.,** : <br> : <br> **Third-Party Defendant** : | |

## **ORDER**

AND NOW, this 19th day of March, 2010, upon consideration of plaintiffs' motion (Doc. 82) in limine, wherein plaintiffs seek to exclude evidence that Henry Blevins ("Blevins") failed to file tax returns for the years 1996 through 2005, and evidence that the Blevins-Seay partnership engaged in joint ventures other than those identified in plaintiffs' complaint, and it appearing that defendants wish to impugn Blevins' credibility by highlighting his failure to file annual tax returns, (see

Doc. 85 at 5), that Federal Rule of Evidence 608(b) provides for admission of "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness," that "[i]n using its discretion to allow evidence of a specific instance of conduct, a court should consider the importance of the testimony, the probable effect on the jury of the evidence, the character of the previous conduct, and the remoteness in time of the misconduct," Ashford v. Bartz, Civ. A. No. 1:04-CV-0642, 2009 WL 2356666, at *2 (M.D. Pa. July 30, 2009), and that Blevins' failure to file tax returns is only marginally probative of Blevins' credibility but is likely to result in significant prejudice, and it further appearing that plaintiffs' potential damages in this matter are measured by the alleged loss to the value of Blevins' partnership interest, see Stainton v. Tarantino, 637 F. Supp. 1051, 1074-75 (E.D. Pa. 1986); see also Capital Care Corp. v. Hunt, 847 A.2d 75, 84 (Pa. Super. Ct. 2004) (explaining that plaintiff in a legal malpractice action must prove actual damages arising from attorney's conduct), and that the value of the Blevins-Seay partnership cannot accurately be calculated if some joint ventures are excluded from the evidence, it is hereby ORDERED that plaintiffs' motion (Doc. 82) in limine is GRANTED in part and DENIED in part as follows: (1) the motion (Doc. 82) is GRANTED insofar as it relates to Blevins' failure to file tax returns for the years 1996 through 2005; (2) the motion (Doc. 82) is DENIED in all other respects.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge